**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TRACIE MITCHEM-GREEN,

      Petitioner,

vs.                                 Case No.  3:25-cv-1174-MMH-SJH

JAMES SPENCE, et al.,

      Respondents.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 41; Report), entered by the Honorable Samuel J. Horovitz, United States Magistrate Judge, on December 2, 2025.  In the Report, the Magistrate Judge recommends that this case be dismissed without prejudice. See Report at 1, 7.  Petitioner filed objections to the Report on December 9, 2025.  See Petitioner's Objections to the Proposed Findings and Recommendations (Dkt. No. 47; Objections).  The matter is ripe for the Court's review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1).

-1-

However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

In her Objections, which are largely nonsensical, Petitioner fails to address the legal bases for the Magistrate Judge's recommendation. Upon review, the Court finds that the Magistrate Judge correctly observed that Petitioner failed to respond to the Court's Order to Show Cause. More importantly, the Magistrate Judge correctly concluded that, as the Plaintiff in the state court case, 28 U.S.C. § 1441 provided Petitioner with no authority to remove her case to federal court, and that removal of a case from a state

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 7-8.

appellate court was not authorized.  As such, Petitioner's Objections are due to be overruled, and the Court will adopt the Report as the Court's opinion.

In light of the foregoing, it is hereby

**ORDERED:**

1. Petitioner's Objections to the Proposed Findings and Recommendations (Dkt. No. 47) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 41) is **ADOPTED** as the opinion of the Court.

3. This case is **DISMISSED without prejudice**.

4. The Clerk of Court is directed to enter judgment dismissing this case, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of February, 2026.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Party

-3-